IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| FELICIANO VELAZQUEZ | ) | |
| --- | --- | --- |
| | ) | No. 13-cv-06636 |
| Petitioner, | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| UNITED STATES of AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

*Pro se* petitioner Feliciano Velazquez is an inmate at the McRae Correctional Facility serving a forty-six (46) month term of imprisonment. He has petitioned the Court for a writ of habeas corpus, seeking to vacate, set aside, or correct his sentence. For the following reasons, this Court denies Velazquez's petition.

**BACKGROUND**

Velazquez pleaded guilty before Judge John Grady to possession with the intent to distribute cocaine in violation of 21 U.S.C. §841(a)(1) and was sentenced to a term of forty-six (46) months imprisonment and three years of supervised release. Velazquez subsequently filed a post-conviction motion to vacate his conviction and sentence pursuant to 28 U.S.C. §2255 of the federal habeas corpus statute. Velazquez alleged that after he was sentenced he had instructed his attorney, Alexander Salerno, to file an appeal, and that Salerno failed to do so, resulting in the forfeiture of Velazquez's appellate rights. Velazquez further claimed that his guilty plea was induced by Salerno's promise that he would receive a twenty-four to thirty month sentence.

The court determined that an evidentiary hearing was unnecessary because there were no genuine factual issues that required resolution, and subsequently held that Velazquez had failed to make a substantial showing that he had been denied a constitutional right.

Velazquez subsequently appealed the denial of his post-conviction motion to the Seventh Circuit Court of Appeals, which held that Velazquez's allegations, provided in his affidavit and motion, "contain[ed] enough information to contradict counsel's version of events . . . and require[d] a hearing." The Seventh Circuit accordingly vacated the district court's order and remanded the case to this Court for a hearing to establish whether Velazquez instructed Salerno to file an appeal.

**LEGAL STANDARD**

"[R]elief under [28 USC] § 2255 is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007); *see also Bousley v. United States,* 523 U.S. 614, 621, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). Such relief "is available only when the 'sentence was imposed in violation of the Constitution or laws of the United States,' the court lacked jurisdiction, the sentence was greater than the maximum authorized by law, or it is otherwise subject to collateral attack." *Torzala v. United States*, 545 F.3d 517, 521 (7th Cir. 2008) (quoting 28 U.S.C. § 2255).

**DISCUSSION**

Velazquez contends that the sentence that was imposed against him violated the Constitution or laws of the United States. Specifically, Velazquez asserts that his attorney was constitutionally ineffective because he failed to file an appeal on his behalf.

To succeed on his Sixth Amendment claim of ineffective assistance of counsel, a petitioner ordinarily must prove that (1) his trial attorney's performance fell below an objective standard of reasonableness, and (2) but for counsel's unprofessional errors the result of the proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). However, an attorney's failure to file an appeal when the defendant requests one is per se

ineffective assistance of counsel, without regard to the probability of success on the merits. *Castellanos v. United States*, 26 F.3d 717, 718 (7th Cir.1994). Therefore, to prevail here Velazquez need only establish that his trial attorney failed to file an appeal when one was requested.

At his evidentiary hearing, Velazquez testified that he had instructed Salerno to file an appeal and that Salerno, without alerting Velazquez, failed to do so. Although Velazquez also testified that his brother was present during a conversation at Velazquez's sister's house in which he asked Salerno to file an appeal, Velazquez did not call his brother, who was present in court, to testify regarding his recollection of that conversation.

Salerno, an experienced criminal defense lawyer, stated that he had a preexisting attorney–client relationship with Velazquez and that Velazquez retained him to serve as his lawyer in the case at issue. Salerno testified that because of the strength of the evidence against Velazquez, they decided that the best course of action was to accept a plea. Salerno accordingly negotiated a plea agreement with the prosecution, filed a sentencing memorandum, and represented Velazquez at his sentencing.

Additionally, Salerno testified that starting during the negotiation of the plea agreement, which contained a waiver of appeals, he and Velazquez discussed the possibility of an appeal and what grounds might be available to them. Salerno further testified that after sentencing he and Velazquez had several phone conversations and one conversation at Velazquez's sister's house, when no one else was present, about whether Velazquez could or should file an appeal challenging his sentence. Salerno testified that he advised Velazquez throughout this process that the sentencing judge had considered the required factors and imposed a sentence within the guidelines range, and that accordingly he believed that their energies would be better spent addressing Velazquez's remaining legal issues. Accordingly, Salerno testified that he and Velazquez agreed not to file an appeal because Salerno believed such an appeal would not have merit, would not be cost effective,

and would require Salerno to file an *Anders* brief if Velazquez insisted on appealing.

This Court notes that while Salerno offered detailed recollections of his conversations with Velazquez and presented plausible explanations for why Velazquez might elect not to appeal, Velazquez failed to substantially elaborate on the allegations contained in his affidavit or to call available witnesses to corroborate his testimony. Accordingly, this Court finds that Velazquez has failed to establish that he instructed Salerno to file an appeal.

**CONCLUSION**

For the reasons stated herein, this Court denies Velazquez's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 for lack of evidentiary proof.

IT IS SO ORDERED.

Date: October 27, 2015

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge